FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARREN H., | No. 2:18-cv-00104-MKD |
| Plaintiff, | |
| | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| | ECF Nos. 18, 20 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 20. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 18, and denies Defendant's motion, ECF No. 20.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

ORDER - 1

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can perform past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant can perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can adjust to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In order to determine whether drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to

disability.  *Id*.  Plaintiff has the burden of showing that DAA is not a material contributing factor to disability.  *See Parra*, 481 F.3d at 748.

## ALJ'S FINDINGS

On July 1, 2014, Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits, Tr. 276-85, alleging an amended onset date of August 1, 2012, Tr. 131.  The applications were denied initially, Tr. 196-209, and on reconsideration, Tr. 212-21.  Plaintiff appeared before an administrative law judge (ALJ) on July 19, 2016.  Tr. 115-45.  On September 7, 2016, the ALJ denied Plaintiff's claim.  Tr. 17-38.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2012.  Tr. 23.  At step two, the ALJ found that Plaintiff has the following severe impairments:  substance addiction disorders, secondary cyclic vomiting; major depressive disorder; generalized anxiety disorder; and posttraumatic stress disorder.  Tr. 23.

At step three, the ALJ found Plaintiff's impairments, including the substance use disorders, meet Listings 12.04 (affective disorder), 12.06 (anxiety disorder), and 12.09 (substance abuse disorder) of 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 24.  However, the ALJ found that, if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1. Tr. 26. The ALJ then found that, if Plaintiff stopped the substance

abuse, Plaintiff would have the RFC to perform a full range of work at all

exertional levels, with the following non-exertional limitations:

> Regarding understanding and memory, [Plaintiff] has the unlimited ability to remember locations and work-like procedures, and remember short, simple instructions. He has the ability to work 40-hours per week with legally required breaks, on a sustained basis in a competitive environment; maintain attention and concentration for extended periods (with legally required breaks); perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted by them; and make simple work-related decisions. He would work best with superficial contact with the general public. He has the ability to accept instructions or respond appropriately to criticism from supervisors. He would work best in proximity to, but without close cooperation with co-workers. He has the ability to respond appropriately to changes in the work setting. He would work best in an environment that is routine and predictable. He has the ability to travel to unfamiliar places or use public transportation. He would work best in an environment where goals and expectations are clearly established.

Tr. 27-28.

At step four, the ALJ found Plaintiff is able to perform his past relevant

work as a material handler if he stopped substance abuse. Tr. 31. In the

alternative, at step five, the ALJ found that, considering Plaintiff's age, education,

work experience, RFC, and testimony from the vocational expert, there were jobs

that existed in significant numbers in the national economy that Plaintiff could

ORDER - 8

perform if he stopped substance abuse, such as, fish cleaner, dining room attendant, and cleaner/housekeeping. Tr. 32. The ALJ then concluded that because substance abuse is a material contributing factor to the determination of disability Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date of August 1, 2012, through the date of the ALJ's decision. Tr. 33.

On January 30, 2018, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ properly determined that his substance-use disorder is a material contributing factor to the determination of disability; and

3. Whether the ALJ properly incorporated the opined limitations into the RFC.

ECF No. 18 at 4-20.

ORDER - 9

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff faults the ALJ for improperly discounting the opinions of Gregory Charboneau, Ed.D.; Steven Johansen, Ph.D.; and Kayleen Islam-Zwart, Ph.D.[1] ECF No. 18 at 12-20.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202.

_____

[1] Plaintiff also argued the ALJ improperly credited the opinions of Janis Lewis, Ph.D.; Renee Eisenhauer, Ph.D.; and Dan Donahue, Ph.D. As is explained *infra*, the ALJ erred by discounting the opinions of Dr. Charboneau, Dr. Johansen, and Dr. Islam-Zwart without providing meaningful analysis. Therefore, the Court need not address Plaintiff's arguments as to Dr. Lewis, other than as discussed in the Court's DAA analysis, or as to Dr. Eisenhauer and Dr. Donahue.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Dr. Charboneau and Dr. Johansen

In May 2014, Dr. Charboneau performed a State psychological evaluation, Tr. 589-93, and diagnosed Plaintiff with generalized anxiety disorder, posttraumatic stress disorder, and alcohol dependence (early remission), Tr. 590. Dr. Charboneau opined that Plaintiff had marked limitations in the abilities to learn new tasks, ask simple questions, request assistance, and maintain appropriate behavior in a work setting, and moderate limitations in the abilities to understand,

ORDER - 11

remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; perform routine tasks without special supervision; adapt to changes in a routine work setting; make simple work-related decisions; be aware of normal hazards and take appropriate precautions; communicate and perform effectively in a work setting; complete a normal work day and workweek without interruptions from psychologically based symptoms; and set realistic goals and plan independently. Tr. 591. Dr. Charboneau opined that Plaintiff's impairments were not primarily the result of alcohol or drug use within the past sixty days and that the impairments would persist following sixty days of sobriety. Tr. 592, 598.

In May 2014, Dr. Johansen reviewed Dr. Charboneau's opinion and agreed with Dr. Charboneau's diagnosis of anxiety disorder and post-traumatic stress disorder and the assessed marked and moderate limitations. Tr. 594-98. Dr. Johansen assessed a severity rating of three (moderate) for Plaintiff's mood disturbance, guilt, sleep disturbance, anxiety, and decreased energy. Tr. 598; 20 C.F.R. Pt. 404, Subpt. P, App. 12.00.F.2. Dr. Johansen opined that Plaintiff's impairments were not due to substance abuse or chemical dependency, stating, "cannabis and alcohol appear more salient [than use of other drugs], but do not appear to render primary impairment." Tr. 595, 598.

The ALJ assigned partial weight to Dr. Charboneau's and Dr. Johansen's opinions. Tr. 29-30. Because these opinions were contradicted by the nonexamining opinions of Dr. Eisenhauer and Dr. Donahue, Tr. 152-54, 178-83, the ALJ was required to provide specific and legitimate reasons for discounting Dr. Charboneau's and Dr. Johansen's opinions. *See Bayliss*, 427 F.3d at 1216.

The ALJ discounted Dr. Charboneau's and Dr. Johansen's opinions in part because they did not differentiate between Plaintiff's functioning with and without substance abuse. Tr. 30. While an ALJ may discount a medical opinion that does not consider a claimant's ongoing substance abuse, *Cothrell v. Berryhill*, 742 Fed. App'x 232, 236 (9th Cir. July 18, 2018) (unpublished opinion); *Chavez v. Colvin*, No. 3:14-cv-01178-JE, 2016 WL 8731796, at *8 (D. Or. July 25, 2016) (unpublished opinion), here, both Dr. Charboneau and Dr. Johansen considered Plaintiff's substance abuse. Tr. 590-92, 595, 598. Dr. Charboneau concluded that Plaintiff's anxiety and PTSD were not primarily the result of alcohol or drug use within the past sixty days and that the impairments would persist following sixty days of sobriety. Tr. 592. Likewise, Dr. Johansen considered Plaintiff's substance abuse and determined that the abuse was not material to the diagnosed conditions and related impairments. Tr. 595, 598. Defendant failed to address this argument. The ALJ erred by discounting these opinions on the grounds that the psychologists did not differentiate between functioning with and without substance abuse without

addressing these findings. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (demanding that the ALJ set forth its reasoning in a way that allows for meaningful review); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1998).

Because the ALJ deemed Plaintiff capable of performing work if he stopped abusing substances, contrary to the opinions of Dr. Charboneau and Dr. Johansen, the ALJ's decision to discount these opinions for failing to differentiate between functioning with and without substance abuse was not harmless. *See Molina,* 674 F.3d at 1111.

### 2. Dr. Islam-Zwart

In May 2016, Dr. Islam-Zwart performed a State psychological evaluation, Tr. 708-16, and diagnosed Plaintiff with major depressive disorder (recurrent, moderate), generalized anxiety disorder, unspecified attention deficit hyperactivity disorder, and alcohol use disorder (moderate) in remission, Tr. 709. Dr. Islam-Zwart opined marked limitations in Plaintiff's abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; and communicate and perform effectively in a work setting. Tr. 709. Dr. Islam-Zwart opined moderate limitations in Plaintiff's abilities to understand, remember, and persist in tasks by following detailed instructions; learn new tasks; perform routine tasks without special supervision; ask simple questions or request

assistance; maintain appropriate behavior in a work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 709. Dr. Islam-Zwart opined that the overall severity of the combined impact of Plaintiff's diagnosed mental impairments was moderate. Tr. 709. Dr. Islam-Zwart opined that Plaintiff's impairments were not the result of alcohol or drug use within the past sixty days. Tr. 710.

The ALJ assigned no weight to portions of Dr. Islam-Zwart's opinion. Tr. 30. Because Dr. Islam-Zwart's opinion was contradicted by the nonexamining opinions of Dr. Eisenhauer and Dr. Donahue, Tr. 152-54, 178-83, the ALJ was required to provide specific and legitimate reasons for rejecting portions of Dr. Islam-Zwart's opinion. *See Bayliss*, 427 F.3d at 1216.

First, the ALJ rejected Dr. Islam-Zwart's opinion that Plaintiff could not work because it was not supported by the medical evidence. Tr. 30. An ALJ may reject limitations "unsupported by the record as a whole." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003). The specific and legitimate reason standard can be met by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, [the ALJ] stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Embrey*, 849 F.2d at 421–22 (recognizing that conclusory reasons do not "achieve the level of specificity" required to justify an ALJ's rejection of an opinion);

*McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (deciding that an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Here, the ALJ did not indicate what medical evidence, other than Dr. Islam-Zwart's examination findings, as discussed *infra*, did not support the "no work" opinion. The ALJ failed to compare Dr. Islam-Zwart's findings with the other medical evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Without the ALJ offering more than her stated conclusion, the Court is unable to meaningfully review whether the ALJ's interpretation of the evidence, rather than Dr. Islam-Zwart's opinion, is rational. *See Brown-Hunter*, 806 F.3d at 492 (demanding that the ALJ set forth its reasoning in a way that allows for meaningful review); *Embrey*, 849 F.2d at 421-22.

Second, the ALJ rejected Dr. Islam-Zwart's opinion that Plaintiff was unable to work because the opinion was inconsistent with Dr. Islam-Zwart's examination findings. Tr. 30. An ALJ may reject an opinion that is internally inconsistent or unsupported by the medical source's own data. *Tommasetti v. Astrue*, 533 F.3d

1035, 1041 (9th Cir. 2008); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.

1996). Here, the ALJ noted that Dr. Islam-Zwart's opinion that Plaintiff was

unable to work due to low energy and agitation was inconsistent with the relatively

mild psychological abnormalities during the examination. Tr. 30. On her report,

Dr. Islam-Zwart checked boxes reflecting that Plaintiff's thought process and

content, orientation, perception, memory, fund of knowledge, and abstract thought

were within normal limits, but that Plaintiff's concentration, insight, and judgment

were both within normal limits and not within normal limits. Tr. 711. Dr. Islam-

Zwart supplemented these check-the-box findings with a written narrative. Tr.

711-16. In pertinent part, Dr. Islam-Zwart stated:

- "[Plaintiff's] energy seemed low, but he was restless";

- "He repeatedly expressed a wish that his girlfriend could be present";

- "His vocabulary was adequate and he was able to respond to interview

  questions as necessary. There was no real indication of cognitive

  difficulty, although participating in the evaluation seemed to require a lot

  of effort and he may have problems tracking at times. He seemed of

  probably average intelligence";

- "[Plaintiff] presents as lethargic and anxious";

- "His energy level is low, but there is also indication of agitation and

  problems with focus"; and

ORDER - 17

- "[Plaintiff's] presentation is such that he is unable to work at this time and his prognosis for the future seems poor."

Tr. 714-15. Based on the Mini Mental Status Exam results, Dr. Islam-Zwart found that Plaintiff exhibited mental control within normal limits; and Dr. Islam-Zwart found Plaintiff's performance on the Trail Making Tests A and B reflected severely impaired performance. Tr. 715. Dr. Islam-Zwart found there was no indication that Plaintiff was malingering and assessed an overall severity rating of "moderate." Tr. 709, 715. Because Dr. Islam-Zwart observed Plaintiff's problems with focus and severe impairment on the Trail Making Tests A and B, without a more meaningful analysis by the ALJ, the Court is unable to determine if the ALJ's decision to reject Dr. Islam-Zwart's opinion that Plaintiff was unable to work is legitimate, specific, and supported by substantial evidence. *See Brown-Hunter*, 806 F.3d at 492 (demanding that the ALJ set forth its reasoning in a way that allows for meaningful review); *Embrey*, 849 F.2d at 421-22. Moreover, the ALJ was required to weigh Dr. Islam-Zwart's marked and moderate limitations and consider their supportability and consistency with the record. The ALJ failed to articulate that analysis.

In summary, the ALJ erred by discounting the opinions of Dr. Charboneau, Dr. Johansen, and Dr. Islam-Zwart without providing a meaningful analysis of these opinions as compared to the record. These errors are not inconsequential. If

Dr. Charboneau's and Dr. Johansen's opinions that Plaintiff's DAA was not a material factor contributing to disability are credited, then the ALJ's Listings decision controls. *See* 20 C.F.R. §§ 404.1535, 416.935; *Parra*, 481 F.3d at 748. Alternatively, and in addition, if Dr. Islam-Zwart's opinion is credited either fully or partially, the ALJ must add the supported limitations to the RFC and reassess whether Plaintiff is capable of performing sustained gainful work. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).

**B. Substantial Evidence of Drug and Alcohol Abuse (DAA)**

Plaintiff challenges the ALJ's finding that Plaintiff's substance abuse materially contributed to his limitations. ECF No. 18 at 4-12. Social Security claimants may not receive benefits where DAA is a material contributing factor to disability. 20 C.F.R. §§ 404.1535(b), 416.935(b); 42 U.S.C. § 423(d)(2)(c). DAA is a material contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. §§ 404.1535(b), 416.935(b). Plaintiff has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

Plaintiff argues the ALJ failed to properly analyze his substance use according to SSR 13-2p, including failing to consider 1) that the examining medical opinions reflected that Plaintiff had marked social functioning difficulties; 2) the examining medical opinions reflected that Plaintiff had marked

ORDER - 19

concentration, persistence, and pace limitations; and 3) whether DAA was material to Plaintiff's co-occurring mental disorder. ECF No. 18 at 4-12. The Court agrees that the ALJ's analysis was deficient. First, as discussed *supra*, the ALJ erred when weighing the medical evidence. Second, the ALJ's DAA analysis contained no discussion of the opinions of Dr. Charboneau, Dr. Johansen, Dr. Islam-Zwart, and Dr. Lewis and, more specifically, no discussion that these psychologists all opined that Plaintiff's mental impairments were not primarily due to his substance abuse. Tr. 590-92, 595, 598, 710, 687, 689; *see Cothrell*, 742 Fed. App'x at 235 (remanding for further DAA materiality analysis). It appears the ALJ failed to appreciate and address that these physicians opined that Plaintiff's impairments were not primarily due to substance abuse. Tr. 30; *see also* Tr. 125-26 (Dr. Glenn Griffin testified that based on his review of the record he was unable to opine what impact Plaintiff's substance abuse had on his mental functioning, which Dr. Griffin opined was mild limitations in activities of daily living, marked limitations in social functioning, and marked limitations in concentration, persistence, and pace). Based on the present conclusory DAA analysis, which fails to mention or properly discount the four examining and nonexamining opinions that found Plaintiff's substance abuse was not primarily contributing to Plaintiff's mental limitations, the Court is unable to meaningfully review the ALJ's DAA finding. *See Brown-Hunter*, 806 F.3d at 492; *Embrey*, 849 F.2d at 421-22.

ORDER - 20

Defendant argues the DAA's analysis is sufficient because the ALJ reasonably weighed the medical evidence and offered valid reasons for finding Plaintiff's statements not wholly credible, including Plaintiff's inconsistent statements, his untruthfulness to his providers regarding his substance abuse, the lack of support in the objective record for Plaintiff's reports, and Plaintiff's noncompliance with treatment recommendations. ECF No. 20 at 10-11. As discussed *supra*, the ALJ's medical-opinion analysis was insufficient to permit for meaningful review. While Plaintiff's apparent inconsistent statements about his alcohol use since December 2013 may serve as a reason to discount Plaintiff's reported symptoms, *see Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996), the ALJ's decision to discount Plaintiff's reported symptoms was impacted by the inadequate medical-evidence analysis.

Because the ALJ's DAA analysis lacks any meaningful analysis of the medical opinions related to the impact that Plaintiff's DAA did or did not have on his mental impairments and fails to cite to substantial evidence reflecting that Plaintiff's mental functioning substantially would improve if he no longer abused substances, the ALJ erred. This error is particularly consequential in light of the ALJ's step three finding that absent substance abuse Plaintiff met Listing requirements.

**C. RFC**

Plaintiff faults the ALJ for not incorporating his marked and moderate limitations into the RFC. ECF No. 21 at 5. Because the ALJ erred in evaluating the medical evidence and in performing the DAA analysis, this matter is being remanded for additional proceedings, which will require the ALJ to reevaluate the sequential analysis.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 18 at 20-21.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three credit-as-true conditions are met. *Garrison*, 759 F.3d at 1020. Under the credit-as-true rule, the court may remand for an award of benefits if 1) the record has been fully developed and further administrative proceedings

would serve no useful purpose; 2) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Here, because the Court is unable to meaningfully assess the ALJ's DAA and RFC analysis, there remains critical factual issues as to how the conflicting medical evidence is to be resolved and what impact Plaintiff's substance abuse had on his mental abilities. *See* 20 C.F.R. §§ 404.1535, 416.935; *Parra*, 481 F.3d at 748. Therefore, remand for further proceedings, rather than an award of benefits, is appropriate. *See Treichler*, 775 F.3d at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."). On remand, the ALJ is directed to reevaluate the medical opinion evidence, including the sources' opinions as to the impact of alcohol use on Plaintiff's functioning, incorporate each of the supported functional

limitations into the RFC, reconsider the remaining steps in the sequential analysis, and reevaluate the DAA analysis.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is neither supported by substantial evidence nor free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED March 20, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE